**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-50399 |
| Plaintiff - Appellee, | D.C. No. 2:11-cr-01075-SJO-2 |
| v. | |
| LIANNA OVSEPIAN, a.k.a. Lili, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Submitted June 8, 2016[**]

Before:     HUG, FARRIS, and CANBY, Circuit Judges.

Lianna Ovsepian appeals from the district court's judgment and challenges

her guilty-plea conviction and 96-month sentence for conspiracy to commit health

care fraud, in violation of 18 U.S.C. § 1349, and her guilty-plea conviction and

concurrent 60-month sentence for conspiracy to possess at least five identification

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

documents and authentication features, in violation of 18 U.S.C. § 1028(f).

Pursuant to *Anders v. California*, 386 U.S. 738 (1967), Ovsepian's counsel has filed a brief stating that there are no grounds for relief, along with a motion to withdraw as counsel of record. We have provided Ovsepian the opportunity to file a pro se supplemental brief. No pro se supplemental brief or answering brief has been filed.

Ovsepian waived her right to appeal her conviction, with the exception of an appeal based on a claim that her plea was involuntary. She also waived the right to appeal her sentence, although she retained the right to appeal some conditions of supervised release and retained the right to appeal the restitution order. Our independent review of the record pursuant to *Penson v. Ohio*, 488 U.S. 75, 80 (1988), discloses no arguable grounds for relief regarding the voluntariness of the guilty pleas, the terms and conditions of supervised release, or the restitution order. We therefore affirm as to those issues. We dismiss the remainder of the appeal in light of the valid appeal waiver. *See United States v. Watson*, 582 F.3d 974, 986-88 (9th Cir. 2009).

Counsel's motion to withdraw is **GRANTED.**

**AFFIRMED** in part; **DISMISSED** in part.